IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INTELITRAC, INC., ) <br> ) <br> *Plaintiff*, ) <br> ) <br> v. ) <br> ) <br> VISION BOX SYSTEMS, INC., and ) <br> VISION BOX—SOLUÇÕES DE VISÃO POR ) <br> COMPUTADOR S.A., ) <br> ) <br> *Defendants*. ) | Civil Action No.: 1:23-CV-313-MN <br><br> **JURY TRIAL DEMANDED** |

# PLAINTIFF'S THIRD AMENDED COMPLAINT FOR PATENT INFRINGEMENT

## INTRODUCTION

1. Plaintiff InteliTrac, Inc. ("InteliTrac") files this Third Amended Complaint against Vision Box Systems ("VBS") and Vision Box Soluções De Visão Por Computador S.A. ("VB SA") pursuant to Rule 15(a)(2) and the parties' prior stipulation (D.I. 80).

2. This case was originally filed in the U.S. District Court for the Northern District of Texas as Case No. 4:22-cv-00131-O against Defendants SITA Information Networking Computing USA, Inc., SITA Information Networking Computing B.V., and Société Internationale de Télécommunications Aéronautiques SCRL, (collectively, "SITA") and Dallas/Fort Worth International Airport Board ("DFW") (D.I. 1). InteliTrac dismissed DFW after discussions with Defendants (D.I. 36). Much later, after mediation (*See* D.I. 56), InteliTrac joined Vision Box Soluções De Visão Por Computador S.A. ("VB SA") and Vision Box Systems ("VBS") (D.I. 59) and dismissed SITA (D.I. 68). InteliTrac subsequently dismissed VB SA (D.I. 71) and filed a joint motion with VBS to transfer this case to the United States District Court for the District of Delaware pursuant to 28 U.S.C. § 1404(a) (D.I. 80). InteliTrac further agreed to file this amended complaint once transfer was complete (*id.*).

## PARTIES

3. Plaintiff InteliTrac is a Delaware corporation with its principal place of business located at 3880 Hulen Street, Suite 520, Fort Worth, TX 76107. InteliTrac is a 22-year-old privately held company that specializes in software/database development and personnel solutions worldwide. The InteliTrac product line includes IdentiPort, a real-time identification system that uses facial recognition, biometric matching, and high-speed computer memory design to confirm an individual's identity in, for example, border crossing and airport security applications.

4. InteliTrac is the assignee of all right, title, and interest in U.S. Patent Nos. 7,505,610 (the "'610" Patent), 7,817,821 (the "'821" Patent), and 7,817,826 (the "'826" Patent) (collectively, the "Patents-in-Suit").

5. On information and belief, Defendant Vision-Box Soluções De Visão Por Computador S.A. ("VB SA") is a foreign corporation with its principal place of business located at Rua Casal do Canas, n.2 Zona Industrial de Alfragide, 2790-204 Carnaxide, Portugal. VB SA provides biometrics-based identity management and border control system solutions, including within the United States. In 2013, VB SA executed an exclusive distribution agreement with SITA for Vision-Box products and services throughout the United States of America and its territories.

6. On information and belief, VB SA directly or indirectly imports, develops, designs, manufactures, uses, distributes, markets, offers to sell and/or sells products and services in the United States and/or otherwise purposefully directs activities to the United States. On information and belief, Defendants VB SA and VBS have been and are acting in concert and are otherwise liable jointly, severally, or in the alternative for a right to relief with respect to or arising out of the same transaction, occurrence or series of transactions or occurrences related to the making, using, importing into the United States, offering for sale, or selling of at least one infringing product.

7. Defendant VBS is a corporation organized and existing under the laws of the State of Delaware, that maintains its principal place of business in Florida. (*See* D.I. 74 at 3; D.I. 73, Ex. 1 ¶¶ 4-5). VBS is a subsidiary of VB SA (*See id.*). VB SA's website, *vision-box.com*, lists the Miami office of VBS as one of VB SA's many offices.

8. On information and belief, VBS directly or indirectly imports, develops, designs, manufactures, uses, distributes, markets, offers to sell and/or sells products and services in the United States and/or otherwise purposefully directs activities to the United States. On information and belief, Defendants VB SA and VBS have been and are acting in concert and are otherwise liable jointly, severally, or in the alternative for a right to relief with respect to or arising out of the same transaction, occurrence or series of transactions or occurrences related to the making, using, importing into the United States, offering for sale, or selling of at least one infringing product.

## JURISDICTION AND VENUE

9. This is an action for patent infringement arising under the patent laws of the United States of America, 35 U.S.C. § 1, *et seq.*, including 35 U.S.C. § 271. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

10. Defendant VBS is subject to general personal jurisdiction in this Court because it is incorporated in Delaware. Additionally, VBS consented to transfer from the Northern District of Texas to this District, consenting to and otherwise implicitly acknowledging personal jurisdiction in this Court. Further, VBS is subject to specific personal jurisdiction in this Court because it: (i) has sufficient minimum contacts within this judicial district; (ii) has purposefully availed itself of the privileges of conducting business in this judicial district; and (iii) Plaintiff's causes of action arise directly from VBS's contacts and activities within this judicial district.

Further, the assertion of jurisdiction over VBS would be consistent with fundamental fairness and substantial justice.

11. Upon information and belief, VB SA exercises sufficient control over VBS such that VBS's actions may be imputed to VB SA. For example, VB SA lists VBS's Miami, Florida, location as one of its offices in a job opening linked to its website (Ex. 1, available at https://visionbox.teamtailor.com/jobs/2162906-sales-manager-usa), reproduced in Figure 1.



*Figure 1: Florida Office Described on Employment Website*

12. VBS "provides sales, implementation, and support services for Vision Box SA products." (D.I. 73, Ex. 1 ¶ 5). Upon information and belief, VBS and VB SA share common directors and officers, including Miguel Leitmann and Bento Correia.

13. Defendant VB SA is subject to specific personal jurisdiction in this Court. VB SA, through the actions of its Delaware-based subsidiary, agent, and alter ego, VBS: (i) has sufficient minimum contacts within this judicial District; (ii) has purposefully availed itself of the privileges of conducting business in this judicial District; and (iii) Plaintiff's causes of action arise directly from VB SA's contacts and activities within this judicial District. Further, the assertion of jurisdiction over VB SA would be consistent with fundamental fairness and substantial justice.

14. VB SA, acting in concert with and through its subsidiary, VBS, placed the accused products into the stream of commerce with the knowledge that such products would be introduced into the U.S. market (*See* D.I. 73, Ex. 1 ¶ 5; *see also* https://www.vision-box.com/pressroom/press-releases/vision-box-biometric-boarding-extended-to-norwegian-air).  VB SA, by distributing its products to SITA, placed the accused products into the stream of commerce knowing that such products would end up in the United States.  *See, e.g.*, Ex. 7, p. 11 (showing APC Kiosk used at Orlando airport).

15. Further, VB SA entered into an exclusive distribution agreement with SITA Information Networking Computing USA, Inc., a Delaware corporation (Ex. 2).  VB SA's agreement with SITA Information Networking Computing USA Inc. is another contact with Delaware.

16. In the alternative, personal jurisdiction is proper under Fed. R. Civ. P. 4(k)(2), to the extent VB SA (i) does not consent to any state's courts of general jurisdiction and (ii) exercising jurisdiction is consistent with the U.S. Constitution and laws due to VB SA's contacts with the United States.

17. Defendant VB SA is not a domestic corporation; therefore, venue is determined under the general venue statute, 28 U.S.C. § 1391.  Section 1391(c)(3) provides that a defendant not resident in the United States may be sued in any judicial district. 28 U.S.C. § 1391(c)(3).

18. As venue is proper in any district with respect to a defendant that does not reside in the United States, venue is proper in this District as to VB SA.

19. Venue is proper with respect to Defendant VBS under § 1400(b) because Defendant VBS is a Delaware corporation and therefore resides in this District for purposes of venue.

## FACTUAL ALLEGATIONS

20. The '610 (Ex. 3) and '821 (Ex. 4) Patents relate to, among other things, a novel identification and verification system that incorporates various modalities used to identify and/or verify the identity of a person.

21. The '826 Patent (Ex. 5) relates to, among other things, novel computer-based facial recognition and image indexing used to identify and/or verify the identity of a person.

22. The Patents-in-Suit resulted from a significant research and development program by InteliTrac that produced the IdentiPort identity verification kiosk. The IdentiPort identity verification kiosk has been successfully used at the Santiago Airport (Ex. 6, downloaded from https://www.securityinfowatch.com/access-identity/biometrics/press-release/10610013/intelitrac-intelitrac-forms-security-alliance-for-breakthrough-airport-security-system).

### Direct Infringement of the '610 Patent

23. Independent Claim 1 of the '610 Patent recites:

> An identification system comprising:
> a housing;
> a document scanner mounted in said housing and connected to a computing device;
> a camera mounted in said housing and connected to said computing device; and
> a fingerprint scanner mounted to said housing and connected to said computing device;
> wherein said housing comprises:
>     an outer shell;
>     a first compartment for housing said document scanner;
>     a second compartment for housing said camera; and
>     a third compartment for housing said fingerprint scanner; and
> wherein said document scanner scans documents and supplies images of said documents to said computing device, said camera supplies facial images to said computing device, and said fingerprint scanner provides fingerprint images to said computing device.

24. On information and belief, Defendant VB SA is the exclusive manufacturer of the APC Kiosk sold and marketed by SITA and described in SITA published materials (Figure 1).

The APC is an **identification system** as shown in Exhibit 7, page 8, which states "The Kiosk is a very reliable tool in what concerns the capture of biometric data, not only for facial images but also for fingerprints." The APC Kiosk is also marketed as the vb e-pass desktop.

25. On information and belief, Defendant VB SA is the exclusive manufacturer of the APC Kiosk sold and marketed by SITA, described in SITA published materials as having **a housing** in Ex. 7, page 5, which shows a picture of the APC housing (reproduced in Figure 2).



*Figure 2:* APC Kiosk with Vision Box Logo Shown on Screen

26. On information and belief, Defendant VB SA is the exclusive manufacturer of the APC Kiosk sold and marketed by SITA described in SITA published materials as having a **document scanner** mounted in said housing and connected to a computing device in Ex. 7, page 5, which shows a picture of a "passport document reader" mounted on the APC Kiosk.

27. On information and belief, Defendant VB SA is the exclusive manufacturer of the APC Kiosk sold and marketed by SITA described in SITA published materials as having a **camera**

mounted in said housing and connected to said computing device in Ex. 7, page 5, which shows a "biometric face capture camera" mounted on the APC Kiosk.

28. On information and belief, Defendant VB SA is the exclusive manufacturer of the APC Kiosk sold and marketed by SITA described in SITA published materials as having a **fingerprint scanner** mounted in said housing and connected to said computing device in Ex. 7, page 5, which shows a "4-4-2 fingerprint scanner" mounted on the APC Kiosk.

29. On information and belief, Defendant VB SA is the exclusive manufacturer of the APC Kiosk sold and marketed by SITA described in SITA published materials as having [said **housing** comprises] an outer shell in Ex. 7, page 5, which shows an outer shell able to move in height.

30. On information and belief, Defendant VB SA is the exclusive manufacturer of the APC Kiosk sold and marketed by SITA described in SITA published materials as having a **first compartment** for housing said passport scanner in Ex. 7, page 5, which shows a passport scanner in a compartment beneath the kiosk touchscreen.

31. On information and belief, Defendant VB SA is the exclusive manufacturer of the APC Kiosk sold and marketed by SITA described in SITA published materials as having a **second compartment** for housing said camera in Ex. 7, page 5, which shows a camera in a compartment at the top of the kiosk.

32. On information and belief, Defendant VB SA is the exclusive manufacturer of the APC Kiosk sold and marketed by SITA described in SITA published materials as having a **third compartment** for housing said fingerprint scanner in Ex. 7, page 5, which shows a fingerprint scanner in a compartment attaching at the front of the kiosk.

33. On information and belief, Defendant VB SA is the exclusive manufacturer of the APC Kiosk sold and marketed by SITA described in SITA published materials as wherein said **document scanner scans documents and supplies images of said documents to said computing device, said camera supplies facial images to said computing device, and said fingerprint scanner provides fingerprint images to said computing device**; in Ex. 7, pages 7-8, which describes passport reading/validation, face image matching, and fingerprint capture by the kiosk.

34. Although the VB SA manufactured APC Kiosk was used as an exemplar product for the claim analysis above, Plaintiff previously asserted other VB SA Accused Products may also infringe the Patents-in-Suit (*See* D.I. 61, p. 20 *et seq.*). However, VBS has stated no biometrically enabled products manufactured by VBS or VB SA, other than the APC Kiosk, were manufactured, serviced, or sold in the US. Should our understanding prove incorrect, Plaintiff reserves the right to modify the scope of the infringing products.

35. As a subsidiary of VB SA, VBS is involved in directly or indirectly importing, developing, designing, manufacturing, using, distributing, marketing, offering to sell and/or selling said infringing products and services in the United States and/or otherwise purposefully directs activities to the same. On information and belief, the Defendants VB SA and VBS have been and are acting in concert and are otherwise liable jointly, severally, or in the alternative for a right to relief with respect to or arising out of the same transaction, occurrence or series of transactions or occurrences related to the making, using, importing into the United States, offering for sale, or selling infringing products.

### Direct Infringement of the '821 Patent

36. Independent claim 8 of the '821 Patent recites:

> An identification system comprising:
> a portable housing,

>a passport scanner mounted in said housing and connected to a computing device; and
>a camera mounted in said housing and connected to said computing device;
>wherein said housing comprises:
>an outer shell;
>a first compartment for housing said passport scanner; and
>a second compartment for housing said camera; and
>wherein said passport scanner supplies information from said passport to said computing device and said camera supplies at least one facial image to said computing device.

37. On information and belief, Defendant VB SA is the exclusive manufacturer of the APC Kiosk sold and marketed by SITA and described in SITA published materials (Figure 1). The APC is an **identification system** as shown in Ex. 7, page 8, which states, "The Kiosk is a very reliable tool in what concerns the capture of biometric data […]."

38. On information and belief, Defendant VB SA is the exclusive manufacturer of the APC Kiosk sold and marketed by SITA described in SITA published materials as having **a portable housing** in Ex. 7, page 5, which shows a picture of the APC housing (reproduced in Figure 1).

39. On information and belief, Defendant VB SA is the exclusive manufacturer of the APC Kiosk sold and marketed by SITA described in SITA published materials as having a **passport scanner** mounted in said housing and connected to a computing device in Ex. 7, page 5, which shows a picture of a "passport document reader" mounted on the APC Kiosk.

40. On information and belief, Defendant VB SA is the exclusive manufacturer of the APC Kiosk sold and marketed by SITA described in SITA published materials as having a **camera** mounted in said housing and connected to said computing device in Ex. 7, page 5, which shows a "biometric face capture camera" mounted on the APC Kiosk.

41. On information and belief, Defendant VB SA is the exclusive manufacturer of the APC Kiosk sold and marketed by SITA described in SITA published materials as having [said **housing** comprises] an outer housing shown in Ex. 7, page 5.

42. On information and belief, Defendant VB SA is the exclusive manufacturer of the APC Kiosk sold and marketed by SITA described in SITA published materials as having **an outer shell** in Ex. 7, page 5, which shows a picture of the APC movable shell (movement indicated by a red double-headed vertical arrow in Figure 1).

43. On information and belief, Defendant VB SA is the exclusive manufacturer of the APC Kiosk sold and marketed by SITA described in SITA published materials as having a **first compartment** for housing said passport scanner in Ex. 7, page 5, which shows a passport scanner in a compartment beneath the kiosk touchscreen.

44. On information and belief, Defendant VB SA is the exclusive manufacturer of the APC Kiosk sold and marketed by SITA described in SITA published materials as having a **second compartment** for housing said camera in Ex. 7, page 5, which shows a camera in a compartment at the top of the kiosk.

45. On information and belief, Defendant VB SA is the exclusive manufacturer of the APC Kiosk sold and marketed by SITA described in SITA published materials as wherein said **passport scanner supplies information from said passport to said computing device and said camera supplies at least one facial image to said computing device**; in Ex. 7, pages 7-8, which describes passport reading/validation and face image matching by the APC Kiosk.

46. Although the VB SA manufactured APC Kiosk was used as an exemplar product for the claim analysis above, Plaintiff asserts the other VB SA Accused Products may also infringe the Patents-in-Suit (*See* D.I. 61, p. 20 *et seq.*).

47. As a subsidiary of VB SA, VBS is involved in directly or indirectly importing, developing, designing, manufacturing, using, distributing, marketing, offering to sell and/or selling said infringing products and services in the United States and/or otherwise purposefully directs

11

activities to the same. On information and belief, the Defendants VB SA and VBS have been and are acting in concert and are otherwise liable jointly, severally, or in the alternative for a right to relief with respect to or arising out of the same transaction, occurrence or series of transactions or occurrences related to the making, using, importing into the United States, offering for sale, or selling infringing products.

**Defendants' Direct Infringement of the '826 Patent**

48. Independent claim 1 of the '826 Patent recites:

> A method for face identification of a probe human face image from a plurality of human face images in a gallery database having a plurality of templates, each template corresponding to a partial face component and said templates in said gallery database being grouped into categories, comprising the steps of:
> detecting and segmenting a plurality of partial face components from said probe human face image,
> creating a probe template for each of said partial face components from said probe human face image;
> comparing a first probe template against a first category of templates in said gallery database and a second probe template against a second category of templates in said gallery database to generate similarity scores between said first and second probe templates and said first and second templates in said gallery database;
> generating a first list of candidate images whose first template in said gallery database has a similarity score with said first probe template over a preset threshold and a second list of candidate images whose second template in said gallery database have a similarity score with said second template over said preset threshold.

49. Defendant VB SA uses a method for **face identification** that identifies a **probe human face image from a plurality of human face images in a gallery database** as described in Ex. 8, p. 2 which states, "Biometric identification (1:N) is the task of assessing whether a subject is present in a closed database of N possible subjects, known as the gallery."

50. Defendant VB SA face identification method **detects and segments a plurality of partial face components from said probe human face image.** As described in Ex. 9, p. 4: "At Vision-Box, the full-face processing pipeline, which is composed of detection, landmark extraction, image and face quality estimation, segmentation and templatization […]."

51. Defendant VB SA's face identification method creates **a probe template for each of said partial face components from said probe human face image,** which is described in Ex. 8, p. 2, "initially enrol (*sic*) individuals and later verify their identity based on a mathematical representation of their facial features alone."

52. Defendant VB SA's face identification method uses **similarity scores between said first and second probe templates and said first and second templates in said gallery database**. As described in Ex. 8, p. 2: "This mathematical representation is compared to a database of known faces and the identity with the highest similarity is retrieved."

53. Defendant VB SA's face identification method uses **a similarity score** with a **preset threshold**. As described in Ex. 10, p. 2: "the vb e-pass desktop takes a biometric quality photo of the passenger's face, matches the captured facial image against the photo stored in the e-passport, and gives a probability match based on multiple facial features. If the image match probability is low, the passenger may be flagged for additional screening."

54. Although the VB SA-manufactured APC Kiosk was used as an exemplar product for the claim analysis above, Plaintiff asserts the other VB SA Accused Products may also infringe the Patents-in-Suit (*See* D.I. 61, p. 20 *et seq.*).

55. As a subsidiary of VB SA, VBS is involved in directly or indirectly importing, developing, designing, manufacturing, using, distributing, marketing, offering to sell and/or selling said infringing products and services in the United States and/or otherwise purposefully directs activities to the same. On information and belief, the Defendants VB SA and VBS have been and are acting in concert and are otherwise liable jointly, severally, or in the alternative for a right to relief with respect to or arising out of the same transaction, occurrence or series of transactions or

occurrences related to the making, using, importing into the United States, offering for sale, or selling infringing products.

### Defendants' Indirect Infringement of the Patents-in-Suit

56.     Plaintiff refers to and incorporates herein Paragraphs 1 to 55 above.

57.     35 U.S. Code § 271(b) states that, "[w]hoever actively induces infringement of a patent shall be liable as an infringer."

58.     On information and belief, both VB SA and VBS make, use, sell, offer for sale, and/or import products infringing one or more of the Patents-in-Suit in the United States, including products marketed as Automated Passport Control (APC) Kiosk.

59.     On information and belief, both VB SA and VBS are aware of the original complaint in the instant litigation.

60.     By continuing to actively service, make, use, sell, offer for sale, and/or importing products infringing one or more of the Patents-in-Suit in the United States as a supplier of infringing products, both VB SA and VBS have committed indirect infringement.

### Defendants' Knowledge of Patents-in-Suit and Willfulness

61.     Plaintiff InteliTrac is informed and believes that the IdentiPort identity verification kiosk was made public on the Security Infowatch news site in October 2004 (Ex. 6, downloaded from https://www.securityinfowatch.com/access-identity/biometrics/press-release/10610013/intelitrac-intelitrac-forms-security-alliance-for-breakthrough-airport-security-system).  A similar article, also published in 2004, can be found on the Technewsworld news site available at https://www.technewsworld.com/story/biometric-technology-thinkpad-and-beyond-37778.html.

62. Plaintiff InteliTrac informed SITA of the infringement and believes both VB SA and VBS were informed of the litigation through its distributor SITA.

63. Defendants VBS and VB SA had actual knowledge of the alleged infringement at least as early as the filing of Plaintiff InteliTrac's Second Amended Complaint (D.I. 61).

## COUNT I

### Infringement of U.S. Patent No. 7,505,610 (the "'610 Patent")

64. InteliTrac incorporates Paragraphs 1-63 above as if fully set forth herein.

65. InteliTrac is the assignee of all right, title, and interest in the '610 Patent entitled "Integrated portable identification and verification device" issued on March 17, 2009. A copy of the '610 Patent is attached as Ex. 3.

66. Defendant VBS directly infringed at least claim 1 of the '610 Patent by receiving a monetary benefit from manufacturing, marketing, selling, importing, and servicing of the Vision Box APC (also known as KK8) through, at least, the processing of invoices for at least 192 infringing products sold in the US.

67. Defendant VB SA directly infringed at least claim 1 of the '610 Patent by receiving a monetary benefit from manufacturing, marketing, selling, importing, and servicing of the Vision Box APC (also known as KK8) through, at least, the manufacture, sale, and service of at least 192 infringing products sold in the US.

68. Defendant VBS indirectly infringed at least claim 1 of the '610 Patent by continuing to facilitate the marketing, selling, importing, and servicing of the Vision Box APC (also known as KK8) known to infringe the '610 Patent to customers that are thereby infringing the '610 Patent in the US.

69. Defendant VB SA indirectly infringed at least claim 1 of the '610 Patent by continuing to market, sell, import, and service the Vision Box APC (also known as KK8) known to infringe the '610 Patent to customers that are thereby infringing the '610 Patent in the US.

70. Defendants' infringement is without license or consent from InteliTrac.

71. Defendants' actions are willful and deliberate, and render this an exceptional case under 35 U.S.C. § 285.

72. InteliTrac has been damaged by Defendants' acts in an amount to be determined in this litigation.

## COUNT II

### Infringement of U.S. Patent No. 7,817,821 (the "'821 Patent")

73. InteliTrac incorporates Paragraphs 1-63 above as if fully set forth herein.

74. InteliTrac is the assignee of all right, title, and interest in '821 Patent entitled, "Integrated portable identification and verification device," issued October 19, 2010. A copy of the '821 Patent is attached as Ex. 4.

75. Defendant VBS directly infringed at least claim 8 of the '821 Patent by receiving a monetary benefit from manufacturing, marketing, selling, importing, and servicing of the Vision Box APC (also known as KK8) through, at least, the processing of invoices for at least 192 infringing products sold in the US.

76. Defendant VB SA directly infringed at least claim 8 of the '821 Patent by receiving a monetary benefit from manufacturing, marketing, selling, importing, and servicing of the Vision Box APC (also known as KK8) through, at least, the manufacture, sale, and service of at least 192 infringing products sold in the US.

77. Defendant VBS indirectly infringed at least claim 8 of the '821 Patent by continuing to facilitate the marketing, selling, importing, and servicing of the Vision Box APC (also known as KK8) known to infringe the '821 Patent to customers that are thereby infringing the '821 Patent in the US.

78. Defendant VB SA indirectly infringed at least claim 8 of the '821 Patent by continuing to market, sell, import, and service the Vision Box APC (also known as KK8) known to infringe the '821 Patent to customers that are thereby infringing the '821 Patent in the US.

79. Defendants' infringement is without license or consent from InteliTrac.

80. Defendants' actions are willful and deliberate, and render this an exceptional case under 35 U.S.C. § 285.

81. InteliTrac has been damaged by Defendants' acts in an amount to be determined in this litigation.

## COUNT III

### Infringement of U.S. Patent No. 7,817,826 (the "'826 Patent")

82. InteliTrac incorporates Paragraphs 1-63 above as if fully set forth herein.

83. InteliTrac is the assignee of all right, title, and interest in the '826 Patent entitled "Apparatus and method for partial component facial recognition," issued October 19, 2010. A copy of the '826 Patent is attached as Ex. 5.

84. Defendant VBS directly infringed at least claim 1 of the '826 Patent by receiving a monetary benefit from manufacturing, marketing, selling, importing, and servicing of the Vision Box APC (also known as KK8) through, at least, the processing of invoices for at least 192 infringing products sold in the US.

85. Defendant VB SA directly infringed at least claim 1 of the '826 Patent by receiving a monetary benefit from manufacturing, marketing, selling, importing, and servicing of the Vision Box APC (also known as KK8) through, at least, the manufacture, sale, and service of at least 192 infringing products sold in the US.

86. Defendant VBS indirectly infringed at least claim 1 of the '826 Patent by continuing to facilitate the marketing, selling, importing, and servicing of the Vision Box APC (also known as KK8) known to infringe the '826 Patent to customers that are thereby infringing the '826 Patent in the US.

87. Defendant VB SA indirectly infringed at least claim 1 of the '826 Patent by continuing to market, sell, import, and service the Vision Box APC (also known as KK8) known to infringe the '826 Patent to customers that are thereby infringing the '826 Patent in the US.

88. Defendants' infringement is without license or consent from InteliTrac.

89. Defendants' actions are willful and deliberate, and render this an exceptional case under 35 U.S.C. § 285.

90. InteliTrac has been damaged by Defendants' acts in an amount to be determined in this litigation.

**PRAYER FOR RELIEF**

InteliTrac prays for judgment against VB SA and VBS including the following:

A. An adjudication that both VB SA and VBS have infringed, and continue to infringe, each of the Patents-in-Suit;

B. Directing that both VB SA and VBS, jointly, severally, or in the alternative, pay InteliTrac damages adequate to compensate InteliTrac for Defendants' infringement of the Patents-in-Suit, together with interest and costs under 35 U.S.C. § 284;

C. Directing that both VB SA and VBS be ordered to provide an accounting for acts of infringement not presented at trial and an award by the Court of additional damage for any such acts of infringement;

D. Directing that both VB SA and VBS be ordered to pay, jointly, severally, or in the alternative, pre-judgment and post-judgment interest on the damages assessed;

E. Directing that both VB SA and VBS be ordered to pay, jointly, severally, or in the alternative, supplemental damages to InteliTrac, including interest, with an accounting, as needed;

F. Directing that both VB SA's and VBS's infringement is willful and that the damages awarded to InteliTrac should be enhanced for up to three times the actual damages awarded;

G. Directing that this is an exceptional case under 35 U.S.C. § 285 and that VB SA and VBS be ordered to pay, jointly, severally, or in the alternative, InteliTrac's attorney's fees and costs in this action;

H. Entering a decree addressing future infringement that either (i) awards a permanent injunction enjoining both VB SA and VBS and their agents, servants, employees, affiliates, divisions, and subsidiaries, and those in association with VB SA and VBS, from infringing the claims of the Patents-in-Suit, or (ii) awards damages for future infringement in lieu of an injunction in an amount consistent with the fact that for future infringement the VB SA and VBS will be an adjudicated infringer of a valid patent, and trebles that amount in view of the fact that the future infringement will be willful as a matter of law; and

I. Awarding InteliTrac such other and further relief, including equitable relief, as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), InteliTrac hereby demands a trial by jury on all issues triable to a jury.

Dated: May 5, 2023

                                           **MONTGOMERY McCRACKEN WALKER & RHOADS LLP**

*/s/ R. Montgomery Donaldson*
R. Montgomery Donaldson (Del. Bar No. 4367)
Richard G. Placey (Del. Bar No. 4206)
1105 North Market Street, 15th Floor
Wilmington, DE 19801
Phone: (302) 504-7840
Facsimile: (302) 504-7820
rdonaldson@mmwr.com
rplacey@mmwr.com

OF COUNSEL:

*Attorneys for Plaintiff InteliTrac, Inc.*

David R. Staggs (Cal. Bar No. 168536)
3880 Hulen St. Ste. 520
Fort Worth, TX 76107
(858) 433-1473
david.staggs@staggsip.com
*Admitted pro hac vice*